Filed 4/11/16  P. v. Guevara CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068415 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN342838) |
| JUAN GUEVARA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert J. Kearney, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Lynne G. McGinnis and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Juan Guevara of residential burglary. (Pen. Code, §§ 459, 460, subd. (a)).[1] The trial court sentenced Guevara to nine years in state prison. On appeal, Guevara contends the evidence does not support that he knowingly aided and abetted the residential burglary. He also contends the trial court abused its discretion in denying his request to dismiss his prior strike conviction. We are not persuaded by his arguments and affirm.

FACTUAL AND PROCEDURAL HISTORY

On March 4, 2015, Adam Bavario saw Guevara and a man walking "with a purpose" while he was walking his daughter home from school in San Marcos. Bavario noticed Guevara and the man were walking aggressively and weaving in and out of children on the sidewalk. He saw that Guevara was sweating and Bavario felt something was wrong. A few hours later, Bavario saw Guevara outside his home alone riding in circles on a pink bicycle, which Bavario believed was too small for him and had a flat tire. Bavario went outside onto his driveway. Guevara approached and asked him for a cigarette. Bavario said he did not have one and Guevara biked away.

Soon after, Bavario saw Guevera approaching his home on the pink bicycle with the man Bavario saw him with earlier, walking beside him. Bavario believed the two men were coming toward his house and decided to go outside and confront them. As Bavario walked outside, he saw the two men approach the home of Angela Keane, Bavario's next-door neighbor. Bavario walked toward Keane's home because he knew

_____

[1]     All statutory references are to the Penal Code.

2

her garage was open and was concerned for her safety. Bavario saw Guevara straddling his bicycle on the threshold of Keane's garage facing the interior of the garage, looking nervously from side to side. Bavario made eye contact with Guevara, and Guevara, who said to the man inside the garage, "Oh shit, homes. Let's get out of here." Guevara and the man left the garage and rode away with Guevara riding the pink bike and the other man riding a black BMX bike.

Bavario saw the two men leave Keane's garage and saw the other man was riding a bike that belonged to Keane's daughter. Bavario went home and told his wife to call 911 and check on their neighbor. Bavario got in his car, followed the two men, called 911, and told the police where the two men were going.

Deputy sheriff Kristy Drilling was on duty in San Marcos when she heard a call regarding two men riding bicycles suspected of committing residential burglary. Drilling drove to the area where the call said the two men were going. Drilling saw two men on bicycles and believed they were the suspects of the residential burglary based on the description she received. Drilling turned on her patrol vehicle lights and ordered them to stop in a church parking lot. Guevara stopped, but the man on the BMX bike did not.

Drilling detained Guevara and waited for other deputies to arrive. The deputies conducted a curbside lineup, in which Bavario identified Guevara as the man who helped steal the BMX bike from Keane's garage. After the lineup, the deputies arrested Guevara for residential burglary. The deputies searched Guevara and found a pair of black mechanic's gloves in the rear pocket of his jeans. Guevara told deputies that he was on his way to a location 10 miles away and, when asked about his companion, responded,

3

"I'm not a snitch."  The deputies searched the area in which Drilling ordered the two men to stop, and found the BMX bike within 200 yards and a white T-shirt another 25 yards from the location of the bike.

In May 2015, a jury convicted Guevara of burglary of an inhabited dwelling under sections 459 and 460, subdivision (a).  Guevara filed a motion to dismiss his prior strike conviction allegation under section 1385 arguing he was not the direct perpetrator, the offense was minor and did not involve violence, and the stolen property was of lesser value and was recovered.  In a bench trial, the trial court denied Guevara's motion, found it true that he had a prior serious felony conviction, a prior strike conviction, and a prior prison conviction, and sentenced him to nine years in state prison.

## DISCUSSION

Guevara contends the evidence does not support a finding that he knowingly aided and abetted the residential burglary and, therefore, his conviction cannot be sustained. He also argues that the trial court abused its discretion in denying his motion to dismiss his prior strike conviction allegation, requiring a reduction in his current sentence.

A.  Sufficiency of the Evidence

On appeal, we review the record for substantial evidence most favorably to the judgment below.  (*People v. Snow* (2003) 30 Cal.4th 43, 66; *People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)  Substantial evidence is "evidence that is reasonable, credible and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt."  (*People v. Albillar* (2010) 51 Cal.4th 47, 60; *People v. Wilson* (2008) 44 Cal.4th 758, 806.)  " 'The appellate court presumes in support of the judgment

4

the existence of every fact the trier could reasonably deduce from the evidence.' " (*People v. Ramirez* (2006) 39 Cal.4th 398, 464.)  "[I]t is not within [the appellate court's] province to reweigh the evidence or redetermine issues of credibility."  (*People v. Martinez* (2003) 113 Cal.App.4th 400, 412.)  Reversal is not warranted "unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' "  (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

"[P]roof of aider and abettor liability requires proof in three distinct areas: (a) the direct perpetrator's actus reus—a crime committed by the direct perpetrator, (b) the aider and abettor's mens rea—knowledge of the direct perpetrator's unlawful intent and an intent to assist in achieving those unlawful ends, and (c) the aider and abettor's actus reus—conduct by the aider and abettor that in fact assists the achievement of the crime."  (*People v. Perez* (2005) 35 Cal.4th 1219, 1225.)  Aider and abettor liability does not require proof of the specific intent that is an element of the underlying offense.  (*People v. Mendoza* (1998) 18 Cal.4th 1114, 1123.)  Evidence of an accused aider and abettor's presence at a crime can support a conclusion that the accused is an aider and abettor, but presence alone is insufficient to prove this conclusion.  (*People v. Durham* (1969) 70 Cal.2d 171, 181.)

Guevara does not challenge the sufficiency of the evidence supporting the direct perpetrator actus reus requirement.  He challenges only the sufficiency of the evidence supporting the aider and abettor mens rea requirement; his presence alone is insufficient to show that he knowingly assisted the individual in the residential burglary.  We find there is substantial evidence to support Guevara's conviction under the principles of aider

5

and abettor liability.  A jury could reasonably infer that Guevara aided or encouraged the other man, knowing the other man's criminal intent, and with the purpose of facilitating the man's accomplishment of the residential burglary.  (*People v. Perez, supra,* 35 Cal.4th at p. 1225.)

Guevara's actions before, during and after the residential burglary establish his mens rea as an accomplice to the residential burglary.  In finding Guevara guilty of residential burglary, the jury reasonably inferred that he was casing the neighborhood for a place from which to steal, saw Keane's open garage, and went to get the other man to steal from the garage.  Guevara helped steal the bike when he stood on the threshold of the garage looking side to side as a lookout for the other man.  He showed he was an accomplice in the crime when, after Bavario saw him, Guevara told his companion, "Oh shit, homes.  Let's get out of here." His culpability as an accomplice was further established when Guevara fled with the other man and the stolen property.  When the deputies asked Guevara about the other man, his statement, "I'm not a snitch" showed he had knowledge of his criminal wrongdoing and the wrongdoing of the man he assisted.

After considering the entire record, we conclude the prosecution presented substantial evidence from which any reasonable trier of fact could find beyond a reasonable doubt that Guevara knowingly aided and abetted an individual in residential burglary under sections 459 and 460, subdivision (a).

B. *Romero*[2] Motion

A trial court's decision not to dismiss a prior strike conviction allegation is reviewed for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373-374 (*Carmony*).) A trial court does not abuse its discretion unless the decision to deny is so irrational or arbitrary that no reasonable person could agree with it. (*Id.* at pp. 376-377.) A trial court will abuse its discretion in not dismissing a prior felony conviction allegation only in very limited circumstances. (*Id.* at p. 378.) Where the trial court shows a balancing of relevant facts and circumstances and has reached an impartial decision within the spirit of the three strikes law, the reviewing court shall affirm the trial court's ruling, even if the appellate court might have ruled differently in the first instance. (*People v. Myers* (1999) 69 Cal.App.4th 305, 309-310.) The trial court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary. (*Id.* at p. 310.)

Section 1385, subdivision (a), allows a trial court to exercise its discretion to dismiss a prior strike conviction allegation in furtherance of justice. The three strikes initiative was intended to restrict a trial court's discretion in sentencing repeat offenders, and thus not only establishes a sentencing norm, but carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. (*People v. Superior Court* (*Romero*), *supra*, 13 Cal.4th at p. 528.) The

---

2       (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.)

7

law creates a strong presumption that any sentence conforming to these sentencing norms is both rational and proper. (*Carmony, supra,* 33 Cal.4th at p. 378.)

To dismiss a prior strike allegation, the court must analyze "whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and . . . should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) Dismissing a prior serious felony conviction allegation is an extraordinary exercise of discretion and is therefore reserved only for extraordinary circumstances. (*People v. Philpot* (2004) 122 Cal.App.4th 893, 905.) Only by extraordinary circumstances may a career criminal be deemed to fall outside the spirit of the three strikes sentencing scheme. (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

Here, before denying Guevara's *Romero* motion, the trial court reviewed his statement in mitigation, motion to strike dismiss the prior strike conviction and the probation report. Before issuing its ruling, the trial court heard counsel's arguments. The trial court considered all the evidence presented at trial and Guevara's criminal history. The trial court stated Guevara's role in the current offense, which included casing the neighborhood, finding an open garage, circling to find property in the garage to steal, leaving and returning with the other man, and partially entering the garage during the offense, all showed he was within the spirit of the three strikes law. The trial court stated the facts in his 2013 conviction of attempted robbery and illegal possession of a firearm,

in which the police found blood on Guevara's hands, and his 2012 conviction of illegal possession of a firearm supported a denial of his section 1385 motion.

The trial court explicitly stated the reason for the denial of the motion was because Guevara "has a persistent criminal history; almost every single year since 2007." Given his criminal history, the nature of the current offense, and his involvement, we find that Guevara falls within the spirit of the three strikes law. He has not shown the trial court's denial of his motion to dismiss the prior strike conviction was arbitrary or irrational. The trial court did not abuse its discretion.

## DISPOSITION

The judgment is affirmed.

McDONALD, J.

WE CONCUR:

NARES, Acting P. J.

IRION, J.

9